# EXHIBIT A

**THE COOPER LAW FIRM, P.C.**
Scott B. Cooper (State Bar No. 174520)
scott@cooper-firm.com
Samantha A. Smith (State Bar No. 233331)
samantha@cooper-firm.com
4000 Barranca Parkway, Suite 250
Irvine, California 92604
Telephone: (949) 724-9200
Facsimile: (949) 724-9255

**HAEGGQUIST & ECK, LLP**
Amber L. Eck (Cal. Bar No. 177882)
ambere@haelaw.com
Alreen Haeggquist (Cal. Bar No. 221858)
alreenh@haelaw.com
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878

Attorneys for Plaintiffs Robert Anderson and Marques T. Sutton

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 29 2017

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ROBERT ANDERSON and MARQUES T. SUTTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. **BC 677625**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Overtime Wages;<br>3. Failure to Pay Wages Upon Separation of Employment;<br>4. Failure to Furnish Accurate Wage Statements;<br>5. Violation of California Business and Professions Code §§ 17200, *et seq.*<br>6. Enforcement of Labor Code § 2698 *et seq.*("PAGA"). |

---

CLASS ACTION COMPLAINT

Plaintiffs Robert Anderson and Marques T. Sutton, individually and on behalf of all others similarly situated, allege as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1. Plaintiffs Robert Anderson and Marques T. Sutton ("Plaintiffs") bring this putative class action and representative action against FedEx Ground Package System, Inc. ("FedEx"), and Does 1 through 10, inclusive (collectively, "Defendant"), on behalf of themselves individually and on behalf of a class of Defendant's employees as more fully described below.

2. FedEx is, upon information and belief, in the business of ground shipping services.

3. Through this action, Plaintiffs are alleging that Defendant has engaged in a systematic pattern of wage and hour violations under the California Labor Code ("Labor Code"), all of which contribute to Defendant's deliberate unfair competition.

4. Plaintiffs are informed and believe, and thereon allege, during the relevant time period, Defendant had a consistent policy of violating state wage and hour laws by, among other things:

    (a) Failing to pay at least minimum wages for all hours worked;

    (b) Failing to pay overtime compensation for work performed in excess of 8 hours per day, 12 hours per day, and/or 40 hours per week;

    (c) Willfully failing to provide accurate semi-monthly itemized wage statements; and

    (d) Failing to pay all wages due upon separation of employment.

5. Plaintiffs bring this lawsuit seeking monetary relief against Defendant on behalf of themselves and all others similarly situated to recover, among other things, unpaid wages and benefits, interest, attorney's fees, costs and expenses and penalties pursuant to, among other statutes, Labor Code §§ 201-204, 210, 226, 510, 1174, 1175, 1194, 1197, 1198 and 2698 *et seq.*

6. Plaintiffs, on behalf of themselves and all class members, pursuant to Business and Professions Code §§ 17200, *et seq*, also seek injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint

## JURISDICTION AND VENUE

7. The monetary damages and restitution sought by Plaintiffs exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial

8. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all cases except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

9. This Court has jurisdiction over Defendant because, upon information and belief, Defendant has sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

10. Venue is proper in this Court because, upon information and belief, Defendant transacts business or has at least one warehouse in this county and acts and omissions alleged herein took place in this county.

## THE PARTIES

11. Plaintiff Robert Anderson is a resident of California, and was employed by Defendant as a package handler during the relevant time period at a FedEx warehouse in Sacramento, California. Plaintiff Marques T. Sutton is a resident of California and was employed as a parcel sorter during the relevant time period at a FedEx warehouse in Commerce, California.

12. FedEx was and is, upon information and belief, a corporation doing business throughout the State of California, and at all times hereinafter mentioned, an employer as defined in and subject to the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, whose employees are and were engaged throughout this county and the State of California.

13. The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as Does 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues said defendants by such fictitious names under California Code of Civil Procedure § 474. Plaintiffs are informed and believe, and based thereon allege, that each of the defendants designated herein as a Doe is legally responsible in some manner for the unlawful

acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

14. Plaintiffs are informed and believe, and based thereon allege, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendants are legally attributable to the other defendants. Furthermore, defendants in all respects acted as the employers and/or joint employers of Plaintiffs and the class members.

## CLASS ACTION ALLEGATIONS

15. Plaintiffs bring this action under Code of Civil Procedure § 382 on behalf of themselves and all other members of the general public similarly situated who were affected by Defendant's Labor Code, Business and Professions Code § 17200, and IWC Wage Order violations.

16. All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

17. Plaintiffs' proposed Class consists of and is defined as follows:

Class

All persons currently or formerly employed by Defendant as non-exempt employees at a FedEx warehouse in the State of California within four years prior to the filing of this action.

18. Plaintiffs also seek to certify the following Subclass:

Waiting Time Subclass

All members of the Class who separated their employment from Defendant within three years prior to the filing of this action to the present.

19. Members of the Class and Subclass described above will collectively be referred to as "class members." Plaintiffs reserve the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

20. This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

    a. Whether Defendant failed to pay at least minimum wage for all hours worked by Plaintiff and class members;

    b. Whether Defendant required Plaintiffs and class members to work over 8 hours per day, over 12 hours per day and/or over 40 hours per week and failed to pay them overtime compensation at the proper rate;

    c. Whether Defendants failed to timely pay Plaintiffs and class members all earned wages during their employment;

    d. Whether Defendant failed to timely pay Plaintiffs and Waiting Time Subclass members all wages due upon termination or within 72 hours of resignation;

    e. Whether Defendant failed to furnish Plaintiffs and class members with accurate wage statements; and

    f. Whether Defendant engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

21. There is a well-defined community of interest in the litigation and the Class is readily ascertainable.

    (a) <u>Numerosity</u>: The members of the Class are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals. The identity of the class members are readily ascertainable by inspection of Defendant's employment and payroll records.

    (b) <u>Typicality</u>: The claims (or defenses, if any) of Plaintiffs are typical of the claims (or defenses, if any) of the Class because Defendant's failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief. The injuries sustained by Plaintiffs are also

typical of the injuries sustained by the Class because they arise out of and are caused by Defendant's common course of conduct as alleged herein.

    (c)  <u>Adequacy</u>: Plaintiffs are qualified to, and will fairly and adequately represent and protect the interests of all members of the Class because it is in their best interests to prosecute the claims alleged herein to obtain full compensation and penalties due him and the Class. Plaintiffs' attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement. Plaintiffs have incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

    (d)  <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class. If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class and/or collective action.

    (e)  <u>Public Policy Considerations</u>: Employers in the State of California and other states violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

## GENERAL ALLEGATIONS

22. Plaintiffs performed services for Defendant as a package handler and parcel sorter at FedEx warehouses in Sacramento and Commerce, California, during the relevant time period. Plaintiff's job duties included, among other things, processing, shipping and quality control of FedEx's packages.

23. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendant was advised by skilled lawyers, employees and other professionals who were knowledgeable about California wage and hour law, employment and personnel practices and the requirements of California.

24. Through this action, Plaintiffs allege that Defendant has engaged in a systematic pattern of wage and hour violations under the California Labor Code and IWC Wage Orders, all of which contribute to Defendant's deliberate unfair competition.

25. By way of example, upon information and belief, Defendant requires warehouse employees at the FedEx warehouses in Sacramento and Commerce to undergo off-the-clock "security checks" before entering and exiting the warehouse. Prior to clocking in for their work periods, employees are required to go through a security check point where Plaintiff and class members have their personal items checked and go through a metal detector. However, Plaintiff and class members do not start getting paid until they clock-in inside the warehouse, after waiting and submitting to the security check. When leaving the warehouse, the employees are again subjected to security checks, all of which takes place after they clock-out inside the warehouse. FedEx, therefore, does not compensate these employees for the time spent going through these security checks and procedures.

26. Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and class members were entitled to receive at least minimum wages and that they were not receiving at least minimum wages for the off-the-clock work that was required to be performed in violation of the Labor Code and IWC Wage Orders.

27. Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and class members were entitled to receive certain wages for

overtime compensation and that they were not receiving overtime wages for the off-the-clock work that was required to be performed in violation of the Labor Code and IWC Wage Orders.

28. Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, Plaintiffs and class members did not receive payment of all wages including, but not limited to, unpaid overtime wages, upon separation of employment.

29. Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and Waiting Time class members were entitled to timely payment of wages upon separation of employment. In violation of the California Labor Code, Plaintiffs and Waiting Time class members did not receive payment of all wages including, but not limited to, unpaid minimum and overtime wages, meal period premiums, and rest break premiums within permissible time periods.

30. Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and class members were entitled to receive complete and accurate wage statements in accordance with California law. In violation of the California Labor Code, Plaintiffs and class members were not furnished with complete and accurate wage statements showing their total hours worked, number of hours worked at each hourly rate and gross and net wages, among other things. In addition, Defendant also failed to keep accurate records of hours worked by these employees in violation of Labor Code §§ 1174 and 1175.

31. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendant knew or should have known that it had a duty to compensate Plaintiffs and class members, and that Defendant had the financial ability to pay such compensation but willfully, knowingly and intentionally failed to do so, all in order to increase Defendant's profits.

32. Therefore, Plaintiffs bring this lawsuit seeking monetary and injunctive relief against Defendant on behalf of themselves and all class members to recover, among other things, unpaid wages, interest, attorneys' fees, penalties, costs and expenses.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES

33. Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

34. Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

35. During the relevant time period, Defendant paid Plaintiffs and class members less than minimum wages when they failed to pay proper compensation for all hours worked, including time spent undergoing off-the-clock "security checks" before entering and exiting the warehouse. To the extent these hours do not qualify for the payment of overtime, Plaintiffs and class members were not being paid at least minimum wage for their work.

36. During the relevant time period, Defendant regularly failed to pay at least minimum wage to Plaintiffs and class members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

37. Defendant's failure to pay Plaintiffs and class members the minimum wage as required violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiffs and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorney's fees.

38. Pursuant to Labor Code § 1194.2, Plaintiffs and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES

39. Plaintiffs hereby re-allege and incorporate by reference the previous paragraphs, as though fully set forth herein.

40. California Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or

two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

41. Specifically, the applicable IWC Wage Order provides that Defendant is and was required to pay Plaintiffs and class members employed by Defendant, at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 8 hours in a day or 40 hours in a workweek.

42. The applicable IWC Wage Order further provides that Defendant is and was required to pay Plaintiffs and class members employed by Defendant, and working more than 12 hours in a day, overtime compensation at a rate of two times their regular rate of pay.

43. California Labor Code § 510 codifies the right to overtime compensation at one and one-half times the regular hourly rate for hours worked in excess of 8 hours in a day or 40 hours in a week or for the first 8 hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of 12 hours in a day or in excess of 8 hours in a day on the seventh day of work.

44. During the relevant time period, Plaintiffs and class members worked in excess of 8 hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week.

45. During the relevant time period, Plaintiffs and class members were not paid proper overtime compensation for all the hours they worked in excess of 8 hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week.

46. During the relevant time period, Defendant willfully failed to pay all overtime wages owed to Plaintiffs and class members.

47. Defendant's failure to pay Plaintiffs and class members the unpaid balance of overtime compensation, as required by California law, violates the provisions of California Labor Code §§ 510 and 1198, and is therefore unlawful.

48. Pursuant to California Labor Code § 1194, Plaintiffs and class members are entitled to recover their unpaid balance of the full amount of unpaid overtime compensation, as well as interest, costs and attorneys' fees.

49. In committing the violations as herein alleged, Defendant has knowingly and willfully refused to perform their obligations to compensate Plaintiffs and class members for all wages earned. As a direct result, Plaintiffs and class members have suffered and continue to suffer substantial losses relating to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendant to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY WAGES UPON SEPARATION OF EMPLOYMENT

50. Plaintiffs hereby re-allege and incorporate by reference the previous paragraphs, as though fully set forth herein.

51. California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

52. During the relevant time period, Defendant willfully failed to pay Waiting Time Subclass Members all their earned wages upon termination including, but not limited to, minimum and overtime wages, either at the time of discharge or within seventy-two (72) hours of their leaving Defendant's employ.

53. Defendant's failure to pay Waiting Time Subclass Members all their earned wages at the time or discharge or within seventy-two (72) hours of their leaving Defendant's employ, is in violation of California Labor Code §§ 201 and 202.

54. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed promptly upon discharge or resignation as required under California Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

55. Defendant willfully failed to pay Waiting Time Subclass Members all wages due and, as a result, owe Waiting Time Subclass Members regular daily wages for each day they were not paid, at their regular rates of pay up to a thirty (30) day maximum pursuant to California Labor Code § 203 all in an amount to be shown according to proof at trial.

56. Based on these violations, Plaintiffs request relief for the Waiting Time Subclass as described herein and below.

## FOURTH CAUSE OF ACTION
## FAILURE TO FURNISH ACCURATE WAGE STATEMENTS

57. Plaintiffs hereby re-allege and incorporate by reference the previous paragraphs, as though fully set forth herein.

58. California Labor Code § 226(a) requires employers to furnish their employees with an accurate itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the portion of his or her social security number as required by law, the name and address of the legal entity that is the employer and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

59. Defendant has intentionally and willfully failed to provide Plaintiffs and class members with complete and accurate wage statements. The deficiencies include, among other things, the failure to list the gross wages earned, net wages earned, hours worked and all applicable hourly rates in effect during the pay period.

60. As a result of Defendant's violation of California Labor Code § 226(a), Plaintiffs and class members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiffs and class members have been injured by Defendant's intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a). In addition, because Defendant failed to provide the accurate hours worked on wage statements, Defendant has prevented Plaintiffs and class members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiffs have had to

file this lawsuit in order to analyze whether in fact Plaintiffs were paid correctly and the extent of the underpayment, thereby causing Plaintiffs to incur expenses and lost time. Plaintiffs would not have had to engage in these efforts and incur these costs had Defendant provided the accurate rate of pay. This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendant.

61. California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

62. Defendant's violations of California Labor Code § 226(a) prevented Plaintiffs and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendant. As a result of Defendant's knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiffs and class members have suffered an injury, the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

63. Plaintiffs and class members are also entitled to injunctive relief under California Labor Code § 226(h), compelling Defendant to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

### FIFTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES

64. Plaintiffs hereby re-allege and incorporate by reference the previous paragraphs, as though fully set forth herein.

65. California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

66. A violation of California Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law. In the instant case, Defendant's policies and practices have violated state law causing Plaintiffs and class members to suffer and continue to

suffer injuries in fact. As alleged herein, Defendant systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay minimum and overtime wages, failing to pay all wages due and owing upon separation of employment and in a timely manner, and failing to furnish accurate wage statements, all in order to decrease their costs of doing business and increase their profits.

67. At all times relevant herein, Defendant intentionally avoided paying Plaintiffs and class members wages and monies, thereby creating for Defendant an artificially lower cost of doing business in order to undercut their competitors and establish and/or gain a greater foothold in the marketplace.

68. At the time Plaintiffs and class members were hired, Defendant knowingly, intentionally and wrongfully misrepresented to each of them their conformance with the California Labor Code and IWC Wage Orders including proper payments required by law.

69. At all relevant times herein, Defendant held themselves out to Plaintiffs and class members as being knowledgeable concerning the labor laws of California.

70. At all times relevant herein, Plaintiffs and class members relied on and believed Defendant's representations concerning their conformance with California's wage and hour laws all to their detriment.

71. As a result of Defendant's intentional, willful, purposeful and wrongful misrepresentation of their conformance with the California Labor Code and IWC Wage Orders, Plaintiffs and class members suffered a loss of wages and monies, all in an amount to be shown according to proof at trial. By violating the foregoing statutes and regulations as herein alleged, Defendant's acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq.*

72. Defendant's violations of the California Labor Code and IWC Wage Orders and their scheme to lower their payroll costs as alleged herein, constitute unlawful business practices because they were done in a systematic manner over a period of time to the detriment of Plaintiffs and class members.

73. As a result of the unfair business practices of Defendant, as alleged herein, Plaintiffs and class members are entitled to injunctive relief, disgorgement and restitution in an amount to be shown according to proof at trial.

74. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendant's conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, class members and to the general public. Based on Defendant's conduct as alleged herein, Plaintiffs and class members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## SIXTH CAUSE OF ACTION

## ENFORCEMENT OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA")

75. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

76. Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

77. For all provisions of the Labor Code except those for which a civil penalty is specifically provided, Labor Code § 2699(f) imposes upon Defendant a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendant violated these provisions of the Labor Code.

78. Defendant's conduct violates numerous Labor Code sections including, but not limited to, the following:

///

///

///

(a) Violation of Labor Code §§ 201 – 204, 510, 1194, 1197 and 1198 for failure to timely pay all earned wages (including minimum wages and overtime wages) owed to Plaintiffs and other aggrieved employees during employment and upon separation of employment as herein alleged;

(b) Violation of Labor Code § 246.5 for denying Plaintiffs' and aggrieved employees' right to use sick days and/or disciplining Plaintiffs and/or aggrieved employees for attempting to exercise their right to use sick days;

(c) Violation of Labor Code §§ 226 and 226.3 for failure to provide accurate itemized wage statements to Plaintiffs and other aggrieved employees as herein alleged;

(d) Violation of Labor Code §§ 201, 202, 203, and 204 for failure to timely pay all earned wages owed to Plaintiffs and other aggrieved employees during employment and upon separation of employment as herein alleged.

79. Plaintiffs are "aggrieved employees" because they were employed by the alleged violators and had one or more of the alleged violations committed against them, and therefore are properly suited to represent the interests of all other aggrieved employees.

80. Plaintiffs have exhausted the procedural requirements under Labor Code § 2699.3 as to Defendant and is therefore able to pursue a claim for penalties on behalf of himself, the LWDA, and all other aggrieved employees under PAGA.

81. Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiffs and all other aggrieved employees are entitled to recover penalties, in addition to other remedies, against Defendant for violations of the Labor Code sections cited above.

82. For bringing this action, Plaintiffs are entitled to attorney's fees and costs incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of all others similarly situated, pray for judgment against Defendant as follows:

1. For certification of the proposed Class and Waiting Time Subclass and any other appropriate subclasses under California Code of Civil Procedure § 382;

     2.     For appointment of Robert Anderson and Marques T. Sutton as the class representatives;

     3.     For appointment of The Cooper Law Firm, P.C. and Haeggquist & Eck, LLP as class counsel for all purposes;

     4.     For general damages;

     5.     For special damages;

     6.     For liquidated damages pursuant to California Labor Code § 1194.2;

     7.     For statutory penalties to the extent permitted by law, including those pursuant to the California Labor Code and IWC Wage Orders;

     8.     For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

     9.     For restitution as provided by California Business and Professions Code §§ 17200, *et seq.*;

     10.    For an order requiring Defendant to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under California Business and Professions Code §§ 17200, *et seq.*;

     11.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties according to proof, including interest thereon;

     12.    For pre-judgment interest;

     13.    For civil penalties against Defendants on behalf of all aggrieved employees and the LWDA pursuant to Labor Code §§ 2698, *et seq.*

///
///
///
///
///
///

14. For reasonable attorney's fees and costs of suit to the extent permitted by law, including pursuant to California Code of Civil Procedure § 1021.5 and California Labor Code §§ 226(e) and 1194; and

15. For such other relief as the Court deems just and proper.

Dated: September 28, 2017                    THE COOPER LAW FIRM, P.C.
                                             HAEGGQUIST & ECK, LLP


                                             By: /s/ Samantha Smith
                                             Samantha A. Smith
                                             Attorneys for Plaintiffs


**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: September 28, 2017                    THE COOPER LAW FIRM, P.C.
                                             HAEGGQUIST & ECK, LLP


                                             By: /s/ Samantha Smith
                                             Samantha A. Smith
                                             Attorneys for Plaintiffs