BETSY JOHNSON CA Bar No. 119847
betsy.johnson@ogletree.com
EVAN R. MOSES CA Bar No. 198099
evan.moses@ogletree.com
ALEXANDER M. CHEMERS CA Bar No. 263726
alexander.chemers@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANDERSON and MARQUES T. SUTTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:17-cv-8019<br><br>**DECLARATION OF ANDREA K. COX IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**<br><br>[Filed concurrently with Notice of Removal of Civil Action to Federal Court, Declaration of Alexander M. Chemers, Certification of Interested Entities or Persons, Notice of Pendency of Other Actions or Proceedings, and Civil Case Cover Sheet]<br><br>Complaint Filed: September 29, 2017<br>Trial Date: None |

31775802_1.docx

Case No. _____
DECLARATION OF ANDREA K. COX IN SUPPORT OF
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# DECLARATION OF ANDREA K. COX

I, Andrea K. Cox, declare and state as follows:

1.      I currently am employed by FedEx Ground Package System, Inc. ("Defendant" or "FedEx Ground"), the defendant in the above-captioned action, as its Managing Director of Human Resources Service Delivery.  As Managing Director of Human Resources Service Delivery, I am generally familiar with the employees who work in the facilities operated by Defendant located in the region assigned to me, including plaintiffs Robert Anderson and Marques T. Sutton ("Plaintiffs").  I am also familiar with and have access to Defendant's records reflecting the employment status and history as well as pay rate information for its employees.  I have personal knowledge of all of the facts set forth below, and if called upon to testify to the same, I could and would do so competently and truthfully.

2.      FedEx Ground is incorporated in the State of Delaware.

3.      FedEx Ground's headquarters is located in Moon Township, Pennsylvania.

4.      FedEx Ground's officers direct, control, and coordinate the company's business activities at FedEx Ground's headquarters in Moon Township, Pennsylvania.

5.      FedEx Ground's executive and administrative offices, including its human resources, information technology, and legal departments are housed at FedEx Ground's headquarters in Moon Township, Pennsylvania.

6.      FedEx Ground's senior executives, including its chief executive officer, chief operating officer, chief information officer, chief financial officer, and general counsel, are located at FedEx Ground's headquarters in Moon Township, Pennsylvania.

7.      FedEx Ground does business in a number of states and does not conduct a substantial predominance of its business in any single one.

8.     I am familiar with FedEx Ground's business records regarding Plaintiffs.  These records confirm that Robert Anderson has worked for FedEx Ground as a Full-Time Package Handler from July 9, 2008 through the present at a FedEx Ground facility in Sacramento, California.  These records also confirm that Marques T. Sutton has worked for FedEx Ground as a Part-Time Parcel Assistant from April 25, 2017 through the present at a FedEx Ground facility in Commerce, California.  At the time that they were hired by FedEx Ground, and throughout their employment, Plaintiffs have provided home addresses that are located in the State of California.  Finally, Plaintiffs provided a copy of their driver's licenses issued by the State of California, which also listed home addresses in the State of California.

9.     I am familiar with and have reviewed the employment data of our employees in California.  I have reviewed data regarding all active and former California non-exempt Part-Time Package Handlers and Full-Time Package Handlers who worked between September 29, 2013 and October 9, 2017 from FedEx Ground's Human Resources Information System ("HRIS").  Based upon my review of the employment data, at least 25,763 non-exempt Part-Time Package Handlers or Full-Time Package Handlers, former and present, have been employed by FedEx Ground in California during the period from September 29, 2013 to October 9, 2017  During this same time period, these 25,763 non-exempt employees worked at least 1,009,604 weeks.

10.    I am aware that certain Part-Time Package Handlers and Full-Time Package Handlers in California may have been included in previous class action settlements, including *Aaron Rangel v. FedEx Ground Package System, Inc.*, *et al.*, C.D. Cal, No. 8:13-cv-01718-DOC(JCGx) (settlement entered April 8, 2015). Because these employees may have released claims that are asserted on their behalves in this litigation, Defendant has excluded from its calculations any periods that were covered by these previous settlements.  For example, in determining that

there were at least 25,763 non-exempt Part-Time Package Handlers and Full-Time Package Handlers in California since September 29, 2013, FedEx Ground has excluded individuals whose claims may have been wholly released by the previous *Rangel* settlement.  Likewise, to the extent that FedEx Ground has estimated the number of workweeks worked by these employees and number of wage statements issued to them, it has excluded workweeks and wage statements that might have been encompassed by the previous *Rangel* settlement.

11. From December 16, 2012 to June 30, 2014, the hourly rate of pay for Full-Time Package Handlers and Part-Time Package Handlers was at least $8.00 per hour.  From July 1, 2014 through December 31, 2015, the hourly rate of pay for Full-Time Package Handlers and Part-Time Package Handlers was at least $9.00 per hour.  From January 1, 2016 through December 31, 2016, the hourly rate of pay for Full-Time Package Handlers and Part-Time Package Handlers was at least $10.00 per hour.  Since January 1, 2017, the hourly rate of pay for Full-Time Package Handlers and Part-Time Package Handlers has been at least $10.50 per hour.

12. Non-exempt Package Handlers are paid on a weekly basis.  Between the period of September 26, 2016 and October 9, 2017, there were approximately 54 pay periods.  I estimate that approximately 15,025 non-exempt Full-Time Package Handlers or Part-Time Package Handlers were issued wage statements during this period.  If you cap the number of wage statements that were issued to each non-exempt employee at no more than 40 wage statements per person, at least 290,042 wage statements were issued to Package Handlers in California during this period.  Specifically, approximately 908 Package Handlers were issued a single wage statement (totaling 908 wage statements) and approximately 14,117 Package Handlers were issued more than one wage statement (totaling 275,017 wage statements: 14,117 wage statements during the first pay period and 275,017 wage statements during subsequent pay periods, up to 40 pay periods per person).

13. I understand that Plaintiffs have alleged in the Complaint that the

proposed class members did not receive legally compliant wage statements and that they are, therefore, entitled to penalties at least $50 for the initial pay period in which a violation occurred and at least $100 for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, which would be reached if there was a violation in 41 or more pay periods. While this is disputed by FedEx Ground, if each of the approximately 290,042 wage statements was non-compliant as alleged by Plaintiffs, the amount of penalties in controversy is approximately $28,252,950. This figure was calculated by multiplying $50 by the 15,025 wage statements issued during the first pay period ($751,250) and by multiplying $100 by the 275,017 wage statements issued during subsequent pay periods, up to 39 subsequent pay periods per person ($27,501,700). If anything, these calculations understate the amount claimed by Plaintiffs, since the maximum amount assigned to any employee is $3,950 ($50 for the first pay period and $100 for the 39 subsequent pay periods), which is less than the $4,000 amount sought.

    14. Between September 26, 2014 and October 9, 2017, approximately 18,016 non-exempt Full-Time Package Handlers or Part-Time Package Handlers separated from employment with FedEx Ground.

    I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this declaration was executed on this first day of November, 2017, at Phoenix, Arizona.

*/s/ Andrea K. Cox*
Andrea K. Cox